## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

JAMES BRONSON BELVAL,     :
     :
     **Plaintiff,**     :
**VS.**     :
     :     **NO. 5:17-CV-00133-CAR-TQL**
**DR. BURNSIDE,** *et al.*,     :
     :
     **Defendants.**     :
_____  :

## ORDER

Presently pending before the Court is a document filed by *pro se* Plaintiff James Bronson Belval that has been construed as a motion for leave to appeal *in forma pauperis* from the Court's January 12, 2018 Order adopting the Magistrate Judge's Report and Recommendation and dismissing the above-captioned action. Plaintiff has also filed a motion for a copy of his "statement of claim" in this case. For the following reasons, the Court **DENIES** Plaintiff's motions (ECF Nos. 32, 33).

### I.    Motion to Appeal in Forma Pauperis

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If

_____

[1]Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a

the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3).[2] "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of

---

statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

[2]The Court notes that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") also prohibits a prisoner from "appeal[ing] a judgment in a civil action or proceeding" *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Although it appears Plaintiff has had more than three of his cases or appeals dismissed on the statutorily-enumerated grounds prior to filing his notice of appeal in this case, the Court finds it unnecessary to reach the issue of whether Plaintiff is in imminent danger of serious physical injury given its conclusion that Plaintiff's appeal is not taken in good faith, as found *infra*.

constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In his motion, Plaintiff states that he is appealing "the magistrate's conclusion [that] plaintiff's complaint fails to allege an 'ongoing serious physical injury' or 'pattern of misconduct evidencing likelyhood [sic] of serious physical injury.'" Mot. Proceed IFP 1, ECF No. 33. The Court has reviewed the applicable orders and the record in this case and finds that Plaintiff's appeal is frivolous. Plaintiff has raised no issues with arguable merit. The appeal, therefore, is not brought in good faith.

Consequently, Plaintiff's application to appeal *in forma pauperis* (ECF No. 33) is **DENIED.** If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

## II. Motion for Copies

Plaintiff has also filed a motion requesting a copy of his "statement of claim" in this case. Plaintiff alleges that several months ago, "corrections officials conducted a shake-down of his cell which left his personal property in disarray." Mot. Copies 1, ECF

No. 32.  Plaintiff contends he recently realized that a folder containing case documents for this case was among the items that "went missing in the shake down."  *Id.*  Plaintiff appears to assert that he needs a copy of his Complaint to proceed with his appeal.  *See, e.g., id.* at 2.  Plaintiff is not proceeding *in forma pauperis* in this case, however, and Plaintiff has not submitted a recent copy of his prison trust fund account statement or any other documentation showing that he is unable to pay for copies of the requested document.[3]  Accordingly, Plaintiff's motion for copies (ECF No. 32) is **DENIED** at this time.  If Plaintiff is unable to pay for copies, however, Plaintiff may file a renewed motion explaining his inability to pay.

**SO ORDERED**, this 26th day of September, 2018.


S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3]Copies of documents are $0.50 per page.  *See* Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, issued in accordance with 28 U.S.C. § 1914.